IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>HITACHI LTD.; HITACHI DATA SYSTEMS CORPORATION; AND HITACHI ID SYSTEMS, INC.,<br><br>      Defendants. | CASE NO. 2:16-cv-01055-JRG |

**<u>HITACHI, LTD.'S OPPOSITION TO JURISDICTIONAL DISCOVERY</u>**

**TABLE OF CONTENTS**

I. PLAINTIFF MUST MAKE A "PRELIMINARY SHOWING" THAT JURISDICTIONAL DISCOVERY IS WARRANTED ...................................................... 1

II. PLAINTIFF'S FAC DOES NOT MAKE THE REQUIRED "PRELIMINARY SHOWING OF JURISDICTION"................................................................................. 1

III. PLAINTIFF'S BELATED ALLEGATIONS OF SPECIFIC JURISDICTION ARE ALSO NOT A "PRELIMINARY SHOWING OF JURISDICTION" ..................... 2

    A. Plaintiff's Stream of Commerce Theory of Specific Jurisdiction............................ 3

    B. Plaintiff's Alter Ego and Agency Theories of Specific Jurisdiction....................... 3

IV. PLAINTIFF'S REQUEST FOR DISCOVERY DOES NOT EXPLAIN WHY IT IS NECESSARY OR HOW IT WILL HELP THEM ESTABLISH JURISDICTION ............................................................................................................... 5

V. CONCLUSION.................................................................................................................. 5

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alpha Tech USA, LLC v. United States*,
  Case No. 14-304, 2015 U.S. Dist. LEXIS 2266 (E.D. Tex. Jan. 7, 2015)..................5

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)..................1

*Daimler AG v. Bauman*,
  134 S. Ct. 746,758-60 (2014)..................4

*Dickson Marine, Inc. v. Panalpina, Inc.*,
  179 F.3d 331 (5th Cir. 1999)..................3

*Due's Wrecker Serv. V. Metro Tow Trucks (Can.) Ltd.*,
  No. 16-13, 2016 U.S. Dist. LEXIS 128129 (E.D. Tex. Aug. 30, 2016)..................1

*Freeman v. United States*,
  556 F.3d 326 (5th Cir. 2009)..................5

*Freudensprung v. Offshore Tech. Servs.*,
  379 F.3d 327 (5th Cir. 2004)..................3, 4

*Hargrave v. Fibreboard Corp.*,
  710 F.2d 1154 (5th Cir. 1983)..................4

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
  213 F.3d 841 (5th Cir. 2000)..................1

*Nat'l Sur. Corp. v. Ferguson Enters.*,
  No. 13-204, 2014 U.S. Dist. LEXIS 153243 (N.D. Tex. Oct. 8, 2014)..................1, 2

*In re Norplant Contraceptive Products Liability Litigation*,
  886 F. Supp. 586 (E.D. Tex. 1995)..................3

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982)..................3

I.  **PLAINTIFF MUST MAKE A "PRELIMINARY SHOWING" THAT JURISDICTIONAL DISCOVERY IS WARRANTED**

Hitachi, Ltd. ("HL") opposes Plaintiff's request for jurisdictional discovery. "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Consistent with this, in the Fifth Circuit, the Plaintiff must make "a preliminary showing of jurisdiction" to support a request for jurisdictional discovery. *Due's Wrecker Serv. V. Metro Tow Trucks (Can.) Ltd.*, No. 16-13, 2016 U.S. Dist. LEXIS 128129, at *8 (E.D. Tex. Aug. 30, 2016). A request for jurisdictional discovery is required to be specific and a Plaintiff seeking such discovery "is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Nat'l Sur. Corp. v. Ferguson Enters.*, No. 13-204, 2014 U.S. Dist. LEXIS 153243, at *3 (N.D. Tex. Oct. 8, 2014). Importantly, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).

In the present case, Plaintiff concedes that this Court does not have general jurisdiction over HL. Further, Plaintiff originally accused HL of infringement on the basis of two Hitachi Data Systems Corporation ("HDS") software products: the Hitachi Command Suite and Hitachi Content Platform. (Dkt. 18 at ¶ 70). Plaintiff has since dropped its allegations of infringement as to the Hitachi Command Suite product leaving only the Hitachi Content Platform, a product of HDS, not HL. As a result of both concessions, Plaintiff's requests for jurisdictional discovery must be directed to a basis of specific jurisdiction that must specifically focus on HL's relevant contacts with this forum as relates to the HDS's Hitachi Content Platform product.

II. **PLAINTIFF'S FAC DOES NOT MAKE THE REQUIRED "PRELIMINARY SHOWING OF JURISDICTION"**

The entirety of the First Amended Complaint's ("FAC") jurisdictional basis is contained in a single paragraph. In that paragraph, Plaintiff generally alleges that personal jurisdiction is proper over "Hitachi" – which Plaintiff improperly uses to collectively refer to HL, HDS, and a third company, Hitachi ID Systems, Inc. – based on "Hitachi's" alleged acts of infringement in

the Eastern District of Texas. (Dkt. 18 at ¶ 13). There is *nothing* specific in this paragraph regarding HL or any acts by HL that support jurisdiction over HL. Further, the FAC is completely devoid of any factually supported allegations relating to the Hitachi Content Platform that specifically link this product to HL or any actions by HL that support jurisdiction over HL.[1] Instead, the allegations regarding HL in the FAC are bare legal conclusions including some that use improper group pleading. As explained in HL's Motion to Dismiss (Dkt. 41 at 3, 20-27), such conclusory allegations are entitled to no weight in deciding the motion to dismiss and, for the same reasons, should have no bearing on whether Plaintiff can make a "preliminary showing of jurisdiction" required to support a request for jurisdictional discovery.

In short, the complete lack of specific jurisdictional allegations over HL, a Japanese company accused of patent infringement premised on acts of infringement by another corporate entity in this District, plainly demonstrates that the FAC does not make the "preliminary showing of jurisdiction" required to support a request for jurisdictional discovery.

### III. PLAINTIFF'S BELATED ALLEGATIONS OF SPECIFIC JURISDICTION ARE ALSO NOT A "PRELIMINARY SHOWING OF JURISDICTION"

Because the FAC is wholly bare of any facts that support personal jurisdiction over HL in this Court, HL filed a Motion to Dismiss. (Dkt. 41). That Motion explained the FAC's fatal flaws relative to jurisdiction over HL and how that HL has nothing to do with the patent infringement allegations made in this case. (*Id.* at 13-17; Dkt. 41-1). In response, Plaintiff *conceded* there was no general jurisdiction, and instead argued three meritless theories to show that HL is subject to *specific* jurisdiction in this forum – all of which are predicated on the actions of a *separate* corporate entity, HDS. Tellingly, Plaintiff did *not allege any* of them in either of its Complaints. Jurisdictional discovery should be denied on this basis alone.

If the Court does consider Plaintiff's belated arguments of specific jurisdiction, none of

---

[1] Paragraph 34 of the FAC argues that the mention of Hitachi, Ltd. in Hitachi Command Suite user manuals means that HL is responsible for infringing acts regarding that product. While this argument is wholly incorrect, these statements are now totally irrelevant to the issue of whether specific jurisdiction exists over HL as this product is no longer accused.

the three theories (discussed *infra*) come close to demonstrating a "preliminary showing of jurisdiction" sufficient to justify jurisdictional discovery because none of the three theories of specific jurisdiction have merit. As such, discovery should be denied. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.").

### A. Plaintiff's Stream of Commerce Theory of Specific Jurisdiction

As explained in HL's Reply, a corporation's contacts to a forum only support specific jurisdiction *if the contacts relate to the cause of action alleged. See, e.g., In re Norplant Contraceptive Products Liability Litigation*, 886 F. Supp. 586, 590 (E.D. Tex. 1995). Despite this, Plaintiff's specific jurisdiction arguments referenced generic materials regarding HDS's use of HL generic server hardware *not accused of infringement,* and a contract between two third-parties relating to a different HDS product, the Hitachi Data Protection Suite, that is also *not accused of infringement*. Products not accused of infringement cannot, as a matter of law, support specific jurisdiction because they do not relate to the cause of action alleged. Further, the accused product and the Texas forum are not referenced in the materials relating to the supply chain, generic server hardware, and the Data Protection Suite. And as confirmed in HL's Motion, the lone remaining accused product as to HL – the Hitachi Content Platform – is *not* marketed and/or sold by HL in the U.S. Accordingly, Plaintiff's stream of commerce theory of specific jurisdiction is meritless and does not make a "preliminary showing of jurisdiction."

### B. Plaintiff's Alter Ego and Agency Theories of Specific Jurisdiction

Fifth Circuit law holds that "the proper exercise of personal jurisdiction over a nonresident corporation *may not be based solely upon the contacts with the forum state of another corporate entity* with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 346 (5th Cir. 2004). This *presumption* of independence of related corporate entities is only rebutted by "clear evidence" which requires showing of "something beyond" the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident. *Dickson Marine,*

*Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999).

Because specific jurisdiction would not lie based on HL's contacts with Texas, Plaintiff argues that *HDS's* contacts with Texas should be imputed to HL because (1) HDS is an "alter ego" of HL; or (2) HDS is the agent of HL.  In doing so, Plaintiff takes an improperly broad view of personal jurisdiction, asserting in essence that a non-resident parent corporation is subject to personal jurisdiction wherever it has a subsidiary doing business because the parent could hypothetically perform the business if the subsidiary did not exist.  *Daimler AG v. Bauman*, 134 S. Ct. 746,758-60 (2014) (criticizing similarly broad interpretation of agency in jurisdictional context).  To support its imputation arguments, Plaintiff cites a variety of unverified and unauthenticated materials collected from the Internet.  But as explained in HL's Reply, these materials do not support Plaintiff's alter ego and agency theories as those theories require much more than the basic corporate materials cited by Plaintiff.  (Dkt. 60 at 3-7).  Properly understood, the cited materials stand for the simple and wholly unsurprising proposition that HL is the parent company of HDS and, as such, share certain policies, efficiencies, branding, financial reporting, etc.  (*Id.*)  And none of the cited materials evidence any impropriety regarding the corporate form and certainly nothing that would meet the Fifth Circuit's high burden in ignoring the corporate form.  *Freudensprung,* 379 F.3d at 346 (noting that Fifth Circuit cases "demand proof of control by [one corporation] over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes") (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).

Further and just as important, these materials have *nothing* to do with the lone product that forms the basis of Plaintiff's infringement allegations as to HL – the Hitachi Content Platform.  As with specific jurisdiction generally, Plaintiff's alter ego and agency theories of specific jurisdiction must be predicated on facts showing that HL has abused corporate formalities *with respect to the Hitachi Content Platform*.  Otherwise, the cited facts are irrelevant.  Plaintiff's cited materials that it argues support specific jurisdiction do *not* pertain to the Hitachi Content Platform and should be ignored for the purposes of jurisdiction.

In sum, there is simply nothing of record that even suggests – much less demonstrates - HL has abused its corporate form. Therefore, Plaintiff cannot make a "preliminary showing of jurisdiction" based on its wrong-headed alter ego and agency theories of specific jurisdiction. *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("A party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.")

### IV. PLAINTIFF'S REQUEST FOR DISCOVERY DOES NOT EXPLAIN WHY IT IS NECESSARY OR HOW IT WILL HELP THEM ESTABLISH JURISDICTION

A plaintiff's request for jurisdictional discovery must be supported by an explanation of why "the requested discovery is necessary or how it will help them establish jurisdiction." *Alpha Tech USA, LLC v. United States*, Case No. 14-304, 2015 U.S. Dist. LEXIS 2266, at *10 (E.D. Tex. Jan. 7, 2015). Here, Plaintiff's request for jurisdictional discovery is not specific about the information it seeks or how that discovery will show that HL is subject to personal jurisdiction in this forum. Instead, Plaintiff's pleas for discovery mimic its vague and unsupported imputation theories.[2] Namely, and like its Complaints that contravene Rule 11, they are aspirational in that they rely on the same, general corporate materials that merely indicate that HL and HDS are related corporate entities and hope that further discovery will reveal a different story. But HL has conclusively shown, in both its Reply and this Opposition, that these materials do not support a finding of specific jurisdiction in this case over HL. Plaintiff does not and cannot provide any reasonable explanation as to why further discovery would change this outcome. Therefore, as further discovery into the matter will be futile, this Court should deny Plaintiff's request.

### V. CONCLUSION

HL respectfully requests that this Court deny jurisdictional discovery.

---

[2] In its desperate attempt to get jurisdictional discovery, Plaintiff even included an unwarranted attack on HL's declarant that attempted to show inconsistencies in the declaration. HL's Reply easily refuted these as incorrect and irrelevant. (Dkt. 60 at 1-2).

Dated:  August 28, 2017                     Respectfully submitted,


                                            /s/ William J. Robinson
                                            William J. Robinson
                                            Justin M. Sobaje
                                            FOLEY & LARDNER LLP
                                            555 S. Flower Street, Suite 3500
                                            Los Angeles, CA 90071
                                            Tel:   (213) 972-4500
                                            Fax:   (213) 486-0065
                                            wrobinson@foley.com
                                            jsobaje@foley.com

                                            Kevin J. Malaney
                                            FOLEY & LARDNER LLP
                                            777 E. Wisconsin Avenue
                                            Milwaukee, WI 53202
                                            Tel:   414.319.7067
                                            Fax:   414.297.4900
                                            kmalaney@foley.com

                                            Clyde M. Siebman
                                            SIEBMAN BURG PHILLIPS & SMITH
                                            300 N. Travis Street
                                            Sherman, TX 75090—0070
                                            Tel:   903.870.0070
                                            Fax:   903.870.0066
                                            clydesiebman@siebman.com

                                            *Attorney for Defendant*
                                            HITACHI, LTD.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 28, 2017.  As such, this document was served on all counsel who has consented to electronic service.

*/s/ Kevin J. Malaney*
