**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC,**<br><br>　　　　*Plaintiff,*<br><br>　v.<br><br>**HITACHI LTD.; HITACHI DATA SYSTEMS CORPORATION; AND HITACHI ID SYSTEMS, INC.,**<br><br>　　　*Defendants.* | **C.A. No. 2:16-cv-1055-JRG**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC'S RESPONSE TO THE COURT'S *SUA SPONTE* ORDER REGARDING JURSIDICTIONAL DISCOVERY [DKT. 80]**

## I.    MOV INTELLIGENCE'S REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY

As set forth in Marking Object Virtualization Intelligence, LLC's ("MOV Intelligence") Memorandum in Opposition to Hitachi Ltd.'s Motion to Dismiss ("Opp. Memo") (Dkt. No. 53), MOV Intelligence has proffered facts establishing that Hitachi Ltd. is subject to this Court's jurisdiction based on (i) the agency relationship between Hitachi Ltd., the parent company, and its U.S. subsidiary, Hitachi Data Systems Corporation ("HDS"); (ii) based on the alter ego relationship between Hitachi Ltd. and its U.S. subsidiary, HDS; and (iii) under the "stream of commerce" theory.  If the Court believes that it cannot deny Hitachi Ltd.'s motion to dismiss for lack of personal jurisdiction based on the current record, MOV Intelligence requests that it be permitted to conduct jurisdictional discovery before the Court decides Hitachi Ltd.'s Rule 12(b)(2) Motion to Dismiss.

Pursuant to the Court's August 23, 2017 Order, MOV Intelligence met and conferred with counsel for Hitachi Ltd. regarding the "propriety and scope" of jurisdictional discovery. Dkt. 80.  Counsel for Hitachi Ltd. rejected any jurisdictional discovery, regardless of the scope. *See* Declaration of Daniel P. Hipskind ("Hipskind Decl.") Ex. 1 at 1 ("Our position has not changed from that expressed in my 6/30 email . . . .  We continue to oppose [jurisdictional discovery].").

MOV Intelligence requests the following narrowly-tailored discovery directly relevant to establishing that Hitachi Ltd. is subject to this Court's jurisdiction:

- Fed. R. Civ. P. 30(b)(1) deposition of Hitachi Ltd.'s declarant.
- Fed. R. Civ. P. 30(b)(6) deposition of Hitachi Ltd. limited to topics relevant to establishing personal jurisdiction.
- Two interrogatories relating to personal jurisdiction.

*See* Hipskind Decl. Exs. 2-4.

Generally, if "a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."  *Fielding v. Hubert Burda Media, Inc.*, 415 F .3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d

Cir. 2003).  As discussed in detail below, discovery into the relationship between the parent, Hitachi Ltd., and its subsidiary, HDS, is warranted to uncover additional facts that relate to the personal jurisdiction inquiry, including whether or not corporate formalities are observed as well as, and to what extent Hitachi Ltd. dominates its subsidiary.

## II.     MOV INTELLIGENCE HAS MADE A PRELIMINARY SHOWING OF JURISDICTION WARRANTING DISCOVERY

MOV Intelligence has not made "unverified" assertions as Hitachi Ltd. contends (*see* Defendants' Reply (Dkt. 60) at 3), but rather has set forth a factual basis to establish that the Court can properly exercise personal jurisdiction over Hitachi Ltd., or at a minimum, establishes that Plaintiff has made a preliminary showing warranting jurisdictional discovery.  MOV Intelligence has provided factual support substantiating that HDS is an agent of Hitachi Ltd., including offering (1) manuals for the infringing products which are expressly copyrighted by Hitachi Ltd. and expressly stating that Hitachi Ltd. controls the licensing of the infringing products; (2) corporate governance documents showing that the Hitachi Ltd. Board has control over day to day operations of HDS; (3) public documents and statements from Hitachi Ltd. stating that Hitachi Ltd. controls all decisions with respect to the product development, branding, and sales by HDS; and (4) financial filings in which Hitachi Ltd. has even stated that HDS is merely a "Sales Company" for Hitachi Ltd. products.  Opp. Memo at 5-9.  This is more than sufficient to establish a preliminary showing of an agency relationship between Hitachi Ltd. and HDS that warrants further discovery.

## III.    MOV INTELLIGENCE'S DISCOVERY IS NARROWLY TAILORED

MOV Intelligence seeks narrowly-tailored discovery relevant to jurisdiction. Specifically, MOV Intelligence requests responses to two interrogatories, testimony from a Rule 30(b)(6) designee on limited topics relevant to jurisdiction, and that Hitachi Ltd. make its declarant available.  *See* Hipskind Decl. Exs. 2-4.  Each of these discovery requests are relevant and narrowly tailored.

*First*, the deposition of Hitachi Ltd.'s own declarant relating to the substance of his declaration in support of Hitachi Ltd.'s Motion to Dismiss should uncover additional facts relating to the Hitachi Ltd.'s connection with Texas, facts surrounding Hitachi Ltd.'s offers for sale in Texas, and it should provide further support for the Court's exercise of personal jurisdiction.  Further, Mr. Sudo has provided testimony that appears to be contradicted by the factual record.  For example, Mr. Sudo's declaration states that "[Hitachi Ltd.] has no employees in the State of Texas" (Dkt. 41-1 at 1), yet MOV Intelligence identified Hitachi Ltd. employees in Texas, including Hitachi Ltd.'s Deputy General Manager who resides in Westlake, Texas.  Opp. Memo at 21.

Mr. Sudo also is likely to have relevant testimony regarding the "One Hitachi" program.  MOV Intelligence anticipates that testimony regarding the One Hitachi program will show that Hitachi Ltd. controls the day to day operation of HDS and HDS is an agent of Hitachi Ltd.  Such a showing is directly relevant to imputing HDS's jurisdictional contacts to Hitachi Ltd.  Mr. Sudo is the author of a paper, cited by MOV Intelligence (Opp. Memo at 7), that describes the the "One Hitachi Program" and the relationship between Hitachi Ltd. and HDS.

*Second*, Rule 30(b)(6) testimony from a corporate representative of Hitachi Ltd. on the limited jurisdictional topics identified by MOV Intelligence is warranted to uncover additional facts that relate to the personal jurisdiction inquiry, including whether or not corporate formalities are observed as well as to what extent Hitachi Ltd. dominates its subsidiary HDS.  MOV Intelligence expects that discovery of the corporate relationships between HDS and Hitachi Ltd. will uncover (a) that the corporate formalities between Defendants are not observed or (b) to the extent that the corporate formalities are observed, the subsidiary (HDS) exists only to conduct the business of Hitachi Ltd.  *See Central States, SE and SW Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000) (personal jurisdiction may be exercised over parent corporation "where all the corporate formalities are observed but the subsidiary's only purpose is to conduct the business of the parent.").  In either case, these additional facts should support a finding of personal jurisdiction over Hitachi Ltd.

***Third***, the two interrogatories are directed at ascertaining the organizational structure of Hitachi Ltd. and agreements between HDS and Hitachi Ltd. relating to the accused products. MOV Intelligence expects this discovery will show that there are agreements obligating Hitachi Ltd. to provide services to HDS relating to the accused products. MOV Intelligence's brief, relying solely on publicly-available information, identified indemnification agreements between the Hitachi Ltd. and HDS (Opp. Memo at 8-9) and agreements that obligate Hitachi Ltd. to provide support for the accused products (*Id*. at 19).

## IV.   MOV INTELLIGENCE'S JURISDICTIONAL DISCOVERY PROPOSAL

MOV Intelligence requests that Hitachi Ltd. respond to the two interrogatories attached hereto (Hipskind Decl. Ex. 4), that Hitachi Ltd. make the author of the declaration it submitted in support of its motion to dismiss available for deposition, and Hitachi Ltd. make available a declarant to provide testimony on limited jurisdictional topics in the attached Rule 30(b)(6) notice (Hipskind Decl. Ex. 3). As Hitachi Ltd.'s declarant is located in Japan, MOV Intelligence proposes the following schedule that will provide the parties sufficient time to schedule the deposition at the United States Consulate.[1]

| Scheduled Event | Deadline |
|---|---|
| Defendant To Respond To Plaintiff's Jurisdictional Interrogatories | September 28, 2017 |
| Completion Of 30(b)(6) and 30(b)(1) Depositions | November 15, 2017 |
| Plaintiff's Supplemental Response To Defendant's Motion To Dismiss | Ten Days Following The Completion Of The Last Deposition |
| Defendant's Reply To Plaintiff's Supplemental Response | Ten Days Following Plaintiff's Submission Of A Supplemental Response |

---

[1] *See* U.S. EMBASSY & CONSULATES IN JAPAN WEBPAGE, *available at*: https://jp.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/attorneys/depositions-in-japan/ (last visited August 28, 2017) (showing the earliest availability for depositions in mid-November 2017).

## V.   CONCLUSION

The standard for jurisdictional discovery is low, and MOV Intelligence has more than met this standard by setting forth a significant showing of personal jurisdiction over Hitachi Ltd. and proposing narrowly-tailored discovery. Accordingly, while Plaintiff posits that the Court can deny Hitachi Ltd.'s motion to dismiss for lack of personal jurisdiction based upon the existing factual record, granting jurisdictional discovery in the alternative is appropriate.  Plaintiff respectfully requests that the Court deem the proposed discovery requests attached as Exhibits 2-4 of the Hipskind Declaration submitted herewith served and Order the parties to submit supplemental responses after such discovery is conducted.

Dated:  August 28, 2017

Respectfully submitted,

/s/  Daniel P. Hipskind_____
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

OF COUNSEL:

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
BERGER & HIPSKIND LLP
1880 Century Park East, Suite 815
Los Angeles, CA 90067
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Marking Object Virtualization Intelligence, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this August 28, 2017 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Dorian S. Berger
Dorian S. Berger